CASE NOS. 12-2157, 12-2257, 12-2262

---

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
Chicago, Illinois 60604

| Nos. 12-2157 and 12-2257 | No. 12-2262 |
|---|---|
| KEVIN B. McCARTHY, et al.,<br>    Plaintiffs, Counterclaim<br>    Defendants-Appellants, | KEVIN B. McCARTHY, et al.,<br>    Plaintiffs, Counterclaim<br>    Defendants-Appellees, |
| and | and |
| LANGSENKAMP FAMILY<br>    APOSTOLATE, et al.,<br>    Counterclaim Defendants-Appellants, | LANGSENKAMP FAMILY<br>    APOSTOLATE, et al.,<br>    Counterclaim Defendants-Appellees, |
| v. | v. |
| PATRICIA ANN FULLER, et al., | PATRICIA ANN FULLER, et al., |
| Defendants, Counter<br>Claimants-Appellees. | Defendants, Counter<br>Claimants-Appellants. |

---

Appeals from the United States District Court
For the Southern District of Indiana, Indianapolis Division
Case No. 1:08-CV-994-WTL-DML, William T. Lawrence, Judge

---

DEFENDANTS COUNTER CLAIMANTS-APPELLEES/APPELLANTS'
OPPOSITION TO MOTION TO STRIKE
RESPONSE TO THE *AMICUS CURIE* BRIEF

Respectfully submitted,

s/ Marilyn A. Cramer
MARILYN A. CRAMER
Atty. Reg. No. 0032947 (OH)
THE CRAMER LAW GROUP, LLC
11470 Euclid Avenue, Suite 202
Cleveland, OH 44106
Telephone and Fax: 216. 320-9317
Email: Marilyn.Cramer@gmail.com

*Counsel for Defendant Counter
Claimants-Appellees/Appellants
Sister Mary Joseph Therese, CIT,
    nee Patricia Ann Fuller, and
Inspector Paul M. Hartman (Retired)*

DEFENDANTS COUNTERCLAIMANTS-APPELLEES/APPELLANTS
OPPOSITION TO MOTION TO STRIKE THEIR
RESPONSE TO THE AMICUS BRIEF

Sister Mary Joseph Therese, CIT, nee Patricia Ann Fuller, and Inspector Paul M. Hartman, (hereinafter, "Sister Therese and Inspector Hartman") submit this *Opposition to the Motion to Strike Their Response to the Amicus Brief,* (hereinafter, "Motion to Strike") filed as Doc. No. 46, in Appeal No. 12-2157 by Appellants, (hereinafter "McCarthy, et al.") and ask the Court to deny the motion.[1]

Sister Therese and Inspector Hartman were not aware of the *Motion to Strike* until Monday evening, at almost 11:00 p.m., which was *hours after* Sister Therese and Inspector Hartman filed their own *Motion and Sworn Declaration for the Court to Allow Their February 9, 2013 Response to the Amicus Curie Brief, Substituting Word Count for Page Limitation.* (Doc. 48 in Case No. 12-2262) (hereinafter, "Sworn Declaration for Acceptance.")

The *Sworn Declaration for Acceptance* already addressed the two matters raised in the *Motion to Strike:* the filing deadline and the size of their Response. Therefore, Sister Therese and Inspector Hartman hereby incorporate by reference

---

[1] The differences in the docket numbers between these related cases may cause some confusion. Therefore, Sister Therese will rely more upon the titles of the various filings, at this stage. For example, Doc. 46 in Case No. 12-2262 is Sister Therese's and Inspector Hartman's *Response to the Amicus Curie Brief.* In Case No. 12-2157, Doc. 46 appears to be the *Motion to Strike.*

their *Sworn Declaration for Acceptance* into this *Opposition*, as if fully restated herein.

FEBRUARY 11, 2013 FILING DATE

Specifically, the *Sworn Declaration for Acceptance* sets forth the reasons why their *Response to the Amicus Curie Brief* could not be filed on February 8, 2013 and explains why they filed it on February 9, 2013. The *Declaration* also explained why the February 9 filing caused no prejudice.[2] There was no impact from their filing their *Response* on Saturday instead of Friday, as detailed in their *Sworn Declaration for Acceptance,* at page 3. The Court and the parties all still had the response on the same next business day.

SIZE OF THEIR BRIEF

As for the complaint in the *Motion to Strike* regarding the size of the *Response* that Sister Therese and Inspector Hartman filed, their *Sworn Declaration for Acceptance* also addressed and demonstrated that they did not file an oversized brief. Rather, they substituted the equivalent word count alternative, in order to

---

[2] The only remark in the three-page *Motion to Strike* that can possibly be construed as an allegation of prejudice is the statement, at page 3, that "the Court ordered simultaneous filing." Even a cursory review of each party's response to the *Amicus Brief* dispels any contention that Sister Therese and Inspector Hartman benefited in any way from McCarthy et al.'s earlier filing. The two response briefs are as unalike and opposite in approach as can be possible. All of the undersigned counsel's time was consumed with completing her clients' own *Response to the Amicus Curie Brief,* despite the circumstances detailed in the *Sworn Declaration for Acceptance*. Counsel had almost no time to sleep or eat and certainly did not have time to access, download, or read McCarthy, et al.'s filing, and avers that she in fact did <u>not</u> access, download or even skim-read it until after filing the brief for Sister Therese and Inspector Hartman. Moreover, there was nothing in the McCarthy, et al. brief worth pursuing.

utilize a font and spacing options that produce a brief that is easier to read than the smaller Times New Roman style font that McCarthy, et al. selected, which is more difficult to read. (A comparison of the two response briefs of the parties reveals the disparity between the two styles even at a glance.)

The Rules provide for this equivalent measure of the size of briefs. *See e.g.,* Fed. R. App. P. 32(a)(7)(A) and 32(a)(7)(B)(ii). Specifically, they equate a 15-page brief with 7,000 words. The *Response to the Amicus Curie Brief* that Sister Therese and Inspector Hartman filed consists of 4, 184 words, which is well under the 7,000-word limit.

The *Amicus Curie* also utilized the word count alternative, which enabled them to file a 65-page brief. *And* the *Amicus* still chose to use the Times New Roman style font. Had the *Amicus* used the Century style font that Sister Therese and Inspector Hartman utilized, the *Amicus* brief would have been considerably longer than 65 pages.

Sister Therese and Inspector Hartman were not disregarding the rules. Rather, they were complying with the recommendations of the Court's own *Practitioners' Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit 2012 Edition,* particularly Section XXIII, at pages 109 through 115. Doing so should not form a basis to strike their brief.

[Normally, the undersigned would have filed a motion for leave to file *instanter*, explaining the circumstances, and would have included the brief as an attachment to that motion for leave. In this case, suffering the severe pain with her

4

back injury and the consequent limitations, as described in the *Motion for Enlargement of Time* (Doc. 41) (e.g., working from home), the decision was made to focus on filing the response to the *Amicus* brief as soon as possible, and then handle filing the motion for leave. This decision proved to be more prudent than delaying the *Response* until the completion of the accompanying motion for leave, which, even though begun on Sunday, February 10, 2013, could not be completed and filed until Monday, February 11, 2013.[3]]

CONSTRUING AND APPLYING THE RULES

The basic intent and the most important tenet of all of the rules of procedure and evidence are that they are to be construed and applied, not in a hyper-technical way, but rather in a manner to achieve justice. *See, e.g.,* Fed. R. Civ. P. 1, which provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." *See also,* Fed. R. App. P. 2; and Rule 26(b), which provides, in pertinent part, "For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or permit an act to be done after that time expires."

It would be unjust to deprive Sister Therese and Inspector Hartman of a meaningful opportunity to be heard, merely because they have only one attorney

---

[3] The filing of the *Sworn Declaration for Acceptance* was delayed until Monday, February 11, 2013, because: the marathon work on the *Response to the Amicus Curie Brief* aggravated counsel's back injury, necessitating heavier medication and at least a few hours of the bed rest she had been denied the last ten days. The medications and the pain impaired her cognitive functioning, such that preparing the Sworn Declaration for Acceptance consumed the entire day of Monday, February 11, 2013, again working non-stop, with no break to eat.

against an army of attorneys in multiple forums, and their attorney suffered an injury at an inopportune time.

If rules and orders are to be applied in a strict hyper-technical manner, it should be noted that the *Motion to Strike* fails to comply with several requirements for motions in this Court. As just one very basic and simple thing, the *Motion to Strike* violates Fed. R. App. P. 25 (d)(1)(B)(ii) and (iii), because it fails to contain proof of service certifying the names of the persons served, and their electronic addresses. The "Certificate of Service" contains no names, no email addresses, and no contact information concerning whom they served.

## THE COURT BENEFITS BY ACCEPTING THE *RESPONSE*

In addition to the good cause already demonstrated in the *Sworn Declaration for Acceptance,* it does not benefit the Court for the Court to be deprived of Sister Therese's and Inspector Hartman's *Response to the Amicus Curie.* While it is true that McCarthy, et al. filed their *Response* on February 8, 2013, it fails to constitute an actual *response* to the *Brief of the Amicus Curie.* It may have been timely, but it consists of nothing more than generalized discussions of First Amendment case law, in other contexts, none of which are actually relevant to the case at bar. Such a response is not helpful to the Court and might as well not have been filed at all.

McCarthy et al. flaunt the February 8, 2013 filing of their "response," which has no relevance to the circumstances surrounding the filing by Sister Therese and Inspector Hartman. Sister Therese and Inspector Hartman chose not to just go through the motions of filing a meaningless document, filled with inapplicable case

law, like McCarthy, et al. filed. Instead, they endeavored to submit a response that would assist the Court in understanding: 1) the factual bases of the case; 2) the correct portions and the inaccurate assumptions in the *Amicus* filing; 3) the issues presently cognizable on appeal; and 4) those matters that are not eligible for interlocutory appeal. The very case-specific approach in their *Response to the Amicus Brief* required much thought, analysis, and consideration, of both the *Amicus Brief* and the evidence adduced in the case.

To produce their *Response* then required a very large number of hours to search for, retrieve, further review, and select representative evidence, to demonstrate where the Court has jurisdiction and where jurisdiction is lacking. The numerous citations to the evidence reveal why their Response took more time to prepare, and would necessarily have taken much time to prepare, regardless of counsel's injury.

This "facts-of-the-case-at-bar" approach is far more useful for the determinations the Court must make than just dumping a mass of case law on the docket, with no discussion of how it relates to the case before the Court. McCarthy, et al. filed a brief on time, but they did not really file anything that they were supposed to file – namely a *response* to the *Amicus Brief,* not self-serving conclusory allegations. Their brief was nothing more than a request to be permitted to file future appeal briefs.

Their suggestion that the Court should forego inquiry of any kind on their lack of likelihood to prevail puts the cart before the horse. The Court must first have

jurisdiction before the parties are subjected to expensive and time-consuming briefing, further delaying the underlying litigation and wasting judicial resources in the process. McCarthy, et al. filed something on time, but they did not really file the brief they were given the opportunity to file.

## CONCLUSION

Wherefore, Sister Therese and Inspector Hartman respectfully move the Court to deny the Motion to Strike their *Response to the Amicus Curie Brief*.

Respectfully submitted,

s/     Marilyn A. Cramer
MARILYN A. CRAMER
Atty. Reg. No. 0032947 (OH)
THE CRAMER LAW GROUP LLC
11470 Euclid Avenue, Suite 202
Cleveland, OH 44106
Telephone and Fax: 216. 320-9317
Email:  Marilyn.Cramer@gmail.com

*Counsel for Sister Mary Joseph Therese, CIT,
   nee Patricia Ann Fuller, and
Inspector Paul M. Hartman (Retired)*
Defendants Counterclaimants
Appellees in Case Nos. 12-2157 and 12-2257,
And Appellants in Case No. 12-2262

CERTIFICATE OF SERVICE

I hereby certify that, on February 12, 2013, a copy of the foregoing *Defendants Counter Claimants-Appellees/Appellants Response to Motion to Strike their Response to The Amicus Curie Brief* was filed electronically. This filing can be accessed through the Court's system. The Court's electronic filing system will serve the following registered participants in these cases.

FOR APPELLEES (12-2157, 12-2257)
APPELLANTS (12-2262)
Sister M. Joseph Therese, nee Patricia Ann Fuller, and Insp. Paul M. Hartman

Marilyn A. Cramer, Esquire
THE CRAMER LAW GROUP, LLC
Marilyn.Cramer@gmail.com

FOR *THE AMICUS CURIE* Holy See

Alexis Haller, Esquire
LAW OFFICE OF ALEXIS HALLER
ahaller@ahlawoffice.com

Jeffrey S. Lena, Esquire
LAW OFFICE OF JEFFREY S. LENA
jlena@sbcglobal.net

Byron H. Done, Esquire
LAW OFFICE OF BYRON H. DONE
byron.done@sbcglobal.net

FOR APPELLEES (12-2262)
APPELLANTS (12-2157, 12-2257)
McCarthy, et al., Langsenkamp Family Apostolate, et al.

William Consovoy, Esquire
WILEY REIN LLP
WConsovoy@wileyrein.com

Michael A. Swift, Esquire
MAGINOT MOORE & BECK LLP
maswift@maginot.com

Bradley M. Stohry, Esquire
REICHEL IP LLP
brad@reichelip.com

s/ Marilyn A. Cramer
MARILYN A. CRAMER